1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLE C. HARTER,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 2:24-cv-01177-DGE

ORDER ON MOTION FOR
ATTORNEY FEES (DKT. NO. 16)

        This matter comes before the Court on Plaintiff's motion for attorney fees pursuant to the

Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

        Under the EAJA, the Court must award attorney fees to the prevailing party in an action

such as this unless it finds the government's position was "substantially justified" or that special

circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The EAJA creates a

presumption that fees will be awarded to a prevailing party.  *Flores v. Shalala*, 49 F.3d 562, 567

(9th Cir. 1995); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995).  The

Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is

1    not entitled to recover fees if the government's position is "justified to a degree that could satisfy

2    a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 (1992).  Attorney fees under

3    EAJA must be reasonable.  28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433

4    (1983).

5            If a party obtains reversal and remand in a social security benefits case, they are the

6    "prevailing party" under the EAJA.  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001).

7    Thus, Plaintiff is the prevailing party.  (*See* Dkt. No. 14, Order Remanding for Award of

8    Benefits.)  Likewise, a "'holding that the agency's decision . . . was unsupported by substantial

9    evidence is . . . a strong indication that the position of the United States . . . was not substantially

10   justified.'"  *Meier v. Colvin*, 727 F.3d 867, 874 (9th Cir. 2013) (quoting *Thangaraja v. Gonzales*,

11   428 F.3d 870, 874 (9th Cir. 2005)).  Here, the Court concluded that the ALJ's opinion was not

12   supported by substantial evidence and constituted legal error.  (Dkt. No. 14 at 21.)  Defendant

13   has not replied to this motion or otherwise shown that the government's position was justified.

14   Therefore, under these circumstances, the Court finds fees should be awarded.

15           Plaintiff is entitled to "reasonable" fees.  28 U.S.C. § 2412(d)(2)(A).  Determining

16   reasonableness "will always depend on case-specific factors including, among others, the

17   complexity of the legal issues, the procedural history, the size of the record, and when counsel

18   was retained."  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136, 1137 (9th Cir. 2012).

19   The fee applicant bears the burden of proving reasonableness.  28 U.S.C. § 2412(d)(2)(A);

20   *Hensley v. Eckerhart*, 461 U.S.424, 437 (1983) ("[T]he fee applicant bears the burden of

21   establishing entitlement to an award and documenting the appropriate hours expended and hourly

22   rates.").

23

24

1    Plaintiff applies for an award of $8,964.77, which represents compensation for the time

2    Plaintiff's lawyers and paralegals spent on this action—35.2 hours of attorney work and 1.0 hour

3    of paralegal work.  (Dkt. No. 16-1 at 2.)  *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571,

4    590 (2008) (paralegal time is compensable under the EAJA.)  Plaintiff provides an itemized

5    statement of the time expended and asserts the hours are reasonable because "(1) each time entry

6    reflects legitimate activity to provide quality service to Plaintiff and to this Court, and (2)

7    Plaintiff's attorney prepared for this Court a substantial opening and reply brief."  (Dkt. No. 16 at

8    4.)  The hourly rate for Plaintiff's counsel is $251.84; the rate for paralegal services is $100.

9    (Dkt. No. 16-1 at 2.)  Thus, Plaintiff's counsel's hourly rate is the statutory maximum hourly rate

10   under EAJA.  (*Id.*; *Smith v. Comm'r of Soc. Sec. Admin.*, No. CV-22-01537-PHX-JAT, 2025 WL

11   1580997, *4 (D. Ariz. June 4, 2025)).  The Commissioner has filed no objections to this hourly

12   rate or the number of hours that Plaintiff's counsel spent on this case.  The Court finds that the

13   requested number of hours is reasonable, and that Plaintiff is entitled to the statutory hourly rate

14   pursuant to the EAJA.

15   Therefore, it is hereby ORDERED that fees in the amount of $8,964.77 shall be awarded

16   to Plaintiff pursuant to the EAJA.  Plaintiff assigned her EAJA fee award to her attorney in the

17   fee agreement.  (Dkt. No. 16-2 at 1.)  Accordingly, attorney and paralegal fees in the amount of

18   $8,964.77 will be paid to Plaintiff's attorney, subject to verification that Plaintiff does not have a

19   debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program

20   as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If Plaintiff has no such debt, then the

21   check shall be made out to Plaintiff's attorney: H. Peter Evans at Evans & Evans, PC, 222 NE

22   Park Plaza Drive, Suite 113, Vancouver, WA 98684.  If Plaintiff has a debt, then the check for

23

24

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 16) - 3

any remaining funds after offset of the debt shall be made out to Plaintiff and mailed to

Plaintiff's attorney's office.

Dated this 2nd day of July, 2025.

David G. Estudillo
United States District Judge